[646 NYS2d 277]

In the Matter of Marc E. Grossman (Admitted as Marc Elliot Grossman), an Attorney, Resignor.

Second Department, July 15, 1996

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains, for Grievance Committee for the Ninth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Marc E. Grossman has submitted an affidavit, dated June 17,

1996, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9).

Mr. Grossman concedes in his affidavit that he is the subject of a pending disciplinary proceeding and additional investigations by the Grievance Committee for the Ninth Judicial District based upon complaints filed against him alleging conversion of escrow funds, failure to account for escrow funds, failure to maintain bank records, and failure to cooperate with the investigations of the Grievance Committee for the Ninth Judicial District. By the tenor of his resignation, and the admissions contained therein, it is clear that the resignor cannot successfully defend himself on the merits against the charges in the proceeding brought against him by the Grievance Committee. Additionally, he acknowledges that if formal charges were predicated upon the investigations currently pending, he could not successfully defend himself on the merits against those charges.

Mr. Grossman avers that his resignation is submitted freely and voluntarily, that he is not being subjected to coercion or duress and that he is fully aware of the implications of submitting his resignation, including the fact that he is barred by Judiciary Law § 90 from seeking reinstatement for at least seven years.

Mr. Grossman acknowledges that, pursuant to Judiciary Law § 90 (6-a), any order permitting him to resign could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied and who have not previously received restitution or to reimburse the Lawyers' Fund for Client Protection for same. He is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Under the circumstances, the resignation of Marc E. Grossman as a member of the Bar is accepted and directed to be filed. Accordingly, Marc E. Grossman is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, BALLETTA, ROSENBLATT and RITTER, JJ., concur.

Ordered that the resignation of Marc E. Grossman is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Marc E. Grossman is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Marc E. Grossman shall comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Marc E. Grossman is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the resignor is required to make restitution and/or reimburse the Lawyers' Fund for Client Protection for awards made and to be made to the persons whose money or property was willfully misappropriated or misapplied; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), an order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person.